CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 13 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWIN R. CRUZ, | ) | |
|     Petitioner, | ) | Civil Action No. 7:05-cv-00517 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |

Petitioner Edwin Cruz, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Cruz is serving a 40-year sentence pursuant to his 1993 conviction in the Circuit Court for Roanoke City for possession of cocaine. Cruz claims (1) that the Virginia Parole Board has capriciously denied him parole on the basis of his Latino ethnic background; (2) that the Board has refused to parole him to New York detainers (on which he faces lengthy terms of imprisonment in that state), in violation of the Equal Protection Clause; (3) that in retaliation for Cruz's filing lawsuits against prison officials, officials erroneously recalculated his mandatory parole date, causing it to change from June 3, 2016, to 2031; and (4) that the state habeas court erred in not "ruling against denial of liberty interest after (26) years done imprisoned." The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted

    The respondent argues that Cruz's petition should be dismissed without prejudice because he did not present all of his current claims in state court habeas petitions that he filed with the Circuit Court for Roanoke City and the Supreme Court of Virginia. When a § 2254 petition presents a mixture of exhausted claims and unexhausted claims, the reviewing court must dismiss the entire petition without prejudice. Rose v. Lundy, 455 U.S. 509 (1982). This principle protects the

1

petitioner from limitations on successive petitions by allowing petitioner to attempt exhaustion of state court remedies of the unexhausted claims so that he may later seek federal review of all claims in a single petition, once all claims are exhausted. Id.; 28 U.S.C. §2244(b).

Respondent argues that Cruz exhausted state court remedies only as his first two claims--by presenting them in his state habeas proceedings. Respondent asserts that Cruz did not present a state habeas claim matching his federal Claim 3. While Cruz did raise allegations in the state petitions that officials had wrongfully changed his parole release date, he admits in his response that he did not allege to the state habeas court that officials made this miscalculation in retaliation for his filing of earlier civil lawsuits. The state court records submitted by the parties also reflect this omission. Simple miscalculation of his release date is a far different claim than changing his release date in retaliation for his exercise of constitutional rights. As Cruz failed to exhaust his state court remedies as to Claim 3 of the federal petition, the court must dismiss the petition without prejudice to allow him to do so. The motion to dismiss will be granted accordingly. An appropriate order shall issue this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of April, 2006.

/s/ James C. Turk
Senior United States District Judge